## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
GEORGE HYATT                                      )
6110 Redwood Lane                              )
Alexandria, VA 22310                           )
                                                              )
      Plaintiff,                                )
                                                              )
v.                                                          )
                                                              )    CASE NO.  _____
                                                              )
NBC UNIVERSAL MEDIA, LLC             )
Principal Office:                                   )
4001 Nebraska Avenue NW               )
Washington, DC 20016                      )
                                                              )
Resident Agent                                  )
CT Corporation System                      )
1015 15th St, NW                                )
Suite 1000                                          )
Washington, DC 20005                      )
      Defendant.                             )
                                                              )
_____  )

## COMPLAINT

     Plaintiff, George Hyatt, by and through his attorney, Adele L. Abrams, Esq., and the Law

Office of Adele L. Abrams, P.C., hereby alleges and complains as follows:

### Preliminary Statement

     This is an action seeking relief for wrongful termination from employment in violation of

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623 et seq.  Plaintiff

George Hyatt (hereinafter "Plaintiff") alleges that his former employer, NBC Universal Media,

LLC (hereinafter "Defendant" or "NBC") wrongfully terminated him in violation of the ADEA.

Mr. Hyatt, born in 1953, was hired by Defendant to work as a broadcast technician in 1977 and

was retained as a staff employee by Defendant in 1979. He served Defendant for a total of 30 years, between 1977 and 1996 and 2000 through 2011, before he was effectively terminated on July 15, 2011, shortly before his 58th birthday. During his employment with Defendant, Mr. Hyatt performed duties including, but not limited to: audio maintenance, production and construction of Defendant's WRC radio station and radio network, lighting, photography, camera work, robotic camera operator, jib operator, primary audio and audio assist (A-2), scenic artist, graphics, editor (on and off-line), technical director, master control technician, video operator and utility person.

Mr. Hyatt's effective termination occurred after management of Defendant stated that Defendant needed to get rid of older employees and bring in some "young blood." Mr. Hyatt's effective termination occurred despite his having recently received verbal appreciation from his superiors for his diverse experience, and ability to fill-in for others when needed, on several occasions, and also despite his not having made any mistakes that are not within the norm of the industry. Although he was told that he was eligible for callback, other than a single day in 2011, this never occurred and he was no longer provided with a regular schedule, paid vacation or other benefits. Thereafter, Mr. Hyatt attempted to contact a number of managers at NBC to obtain employment but his numerous calls were not responded to by NBC. Mr. Hyatt's attempts to obtain other employment with NBC following his termination were denied, despite his many years of experience, and Defendant instead hired individual(s) considerably younger than Mr. Hyatt to replace him and for the positions to which he applied.

Mr. Hyatt filed a timely charge of discrimination with the Office of Human Rights ("OHR"), of the District of Columbia, on November 10, 2011 (Docket No. 12-103-P(CN); EEOC No. 10C-2012-00099). He received an Equal Employment Opportunity Commission

(EEOC) "Dismissal and Notice of Rights" letter which was dated December 7, 2012. (attached hereto).

As relief from this Court, Plaintiff respectfully seeks back pay, interest on back pay, liquidated damages, reinstatement and/or front pay, attorney's fees and costs, and all other appropriate and equitable relief arising from his former employer's violations of the ADEA.

## Parties

1. George Hyatt is an adult citizen, and has at all relevant times herein, and is currently, a resident of Alexandria, Virginia.

2. Defendant NBC Universal, headquartered in New York, was at all relevant times the employer of Defendant through its (and its subsidiary, MSNBC's) Washington, DC, Bureau, located at 4001 Nebraska Avenue, NW, Washington, DC 20016.

## Jurisdiction and Venue

3. This court has jurisdiction over Plaintiff's claim of an ADEA violation because said claim is filed pursuant to the Age Discrimination in Employment Act, 29 U.S.C.A. § 623 et seq., and all activities relevant to the claim occurred in Washington, DC, at Plaintiff's place of employment with Defendant, at 4001 Nebraska Avenue, NW, Washington, DC 20016.

4. Plaintiff exhausted his administrative remedies by filing a timely Complaint with the OHR and has received the EEOC's "Dismissal and Notice of Rights" letter that was dated December 7, 2012.

5. This complaint is timely filed as Plaintiff has filed this Complaint within 90 days of his receiving EEOC's "Dismissal and Notice of Rights" letter that was dated December 7, 2012.

**Factual Allegations**

6.  Plaintiff hereby re-alleges the statements and allegations contained in paragraphs 1-5 and incorporates the same by reference as if they were fully set forth herein.

7.  Plaintiff George Hyatt, born in 1953, was effectively terminated by Defendant on July 15, 2011, shortly before his 58th birthday.

8.  Plaintiff Mr. Hyatt was hired by Defendant to work as a broadcast technician in 1977 and was retained as a staff employee by Defendant in 1979.

9.  Plaintiff Mr. Hyatt served Defendant for a total of 30 years, between 1977 through 1996 and 2000 through 2011.

10. Between 2000 and July 2009 Plaintiff Mr. Hyatt was employed by Defendant as a National Association of Broadcast Employees and Technicians/Communications Workers of America ("NABET") daily hire, as a studio camera operator, before being hired in 2009 as a permalancer on a 40-hour regular work week as a robotic camera operator with a set permanent schedule and vacation pay (not entitled to accept any other daily hire work).

11. Plaintiff George Hyatt was issued stock as a permalancer in Defendant Company when Comcast purchased NBC.

12. On or about January 2010, Plaintiff George Hyatt was assigned to work as a robotic camera operator on *The Daily Rundown with Chuck Todd*, an MSNBC show produced by Defendant.

13. Management of Defendant stated that they needed to get "young blood in here."

14. Between July 3 and July 10, 2011, Plaintiff George Hyatt was on approved annual leave and at no time prior to this leave was Mr. Hyatt informed of any significant disapproval

4

regarding his work. Rather, Mr. Hyatt consistently received compliments and accolades from his supervisors for his ability to cover for many different positions, his talent and his extraordinary commitment to the mission. He rarely took any time off from his regular schedule.

15. On July 15, 2011, Mr. Hyatt's Production Manager approached him about two minor mistakes he had made upon his return from annual leave, effectively terminated him, and had Mr. Hyatt escorted off the NBC property without offering Mr. Hyatt an opportunity to correct any concerns management allegedly had with his performance.

16. Mr. Hyatt's replacement was an individual under age 30, whom Mr. Hyatt himself had trained.

17. Other employees significantly younger than Mr. Hyatt were not dismissed despite their having made mistakes similar to, or worse, than those alleged by Defendant to be the reason that Defendant dismissed Mr. Hyatt.

18. Mr. Hyatt was specifically told by the Production Manager to not file a grievance through NABET because if he did he would never be called into work again.

19. Mr. Hyatt applied for employment with a number of Defendant's divisions after his abrupt termination, over the course of four months, but was not considered for any positions that were available, including an opening for a utility position that was previously occupied by the younger individual who replaced Mr. Hyatt in his robotic camera position.

20. Mr. Hyatt's Union wrote two letters to NBC, inquiring of Mr. Hyatt's status and asking that Defendant find a position for Mr. Hyatt based on his considerable "talent, skills and

experience" – one on February 3, 2012, and a second on February 25, 2013. Defendant never responded to either letter.

21. Plaintiff Mr. Hyatt filed a timely charge of discrimination with the Office of Human Rights of the District of Columbia on November 10, 2011 (Docket No. 12-103-P(CN); EEOC No. 10C-2012-00099).

22. Plaintiff Mr. Hyatt was issued an EEOC's "Dismissal and Notice of Rights" letter that was dated December 7, 2012.

23. Plaintiff's compensation during the last full year he was employed by Defendant (the year 2010) totaled $106,898.96.

## Count I

### (Violations of the Age Discrimination in Employment Act)

24. Plaintiff hereby re-alleges the statements and allegations contained in paragraphs 1-22 and incorporates the same by reference as though they were fully set forth herein.

25. Plaintiff Mr. Hyatt is protected by the ADEA and is a member of a protected class in that he is above the age of 40 years.

26. Plaintiff Mr. Hyatt suffered an adverse employment action in that he was terminated, based on willful discrimination and disparate treatment.

27. Plaintiff Mr. Hyatt's termination was due to his age, in light of management comments about bringing in "young blood" and the fact that Defendant did not terminate younger employees of equal or lesser ability for similar minor errors.

WHEREFORE, Plaintiff respectfully prays this Honorable Court:

    A. Award Plaintiff full back pay (including wages, salary, and fringe benefits), plus interest; and

B.  Award Plaintiff liquidated damages as appropriate; and

C.  Award Plaintiff reasonable attorney's fees, pre and post-judgment interest and

    costs and expenses incurred by Plaintiff in bringing this action; and

D.  Order Defendant to reinstate Plaintiff or, in the alternative, provide front pay; and

E.  Such other and further legal and equitable relief as this Court may deem just.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all counts so triable.

Respectfully submitted,

_____/s/_____

**Adele L. Abrams, Esq.**
DC Bar Identification No.: 454403
Law Office of Adele L. Abrams, P.C.
4740 Corridor Place, Suite D
Beltsville, MD 20705
(301) 595-3520 (telephone)
(301) 595-3525 (facsimile)
safetylawyer@aol.com